IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02612-WYD-KLM

MELODY RAMSEY,

    Plaintiff,

v.

GORDON H. MANSFIELD, Acting Secretary of Veteran's Affairs; and
JOHN AND JANE DOES 1-25,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter came before the Court for a Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) on February 13, 2008. Plaintiff, proceeding *pro se*, filed her Complaint in this matter on December 17, 2007 [Docket No. 1]. By Order dated January 3, 2008, I set a Scheduling Conference for February 13, 2008 [Docket No. 3]. I further ordered the parties to hold a pre-scheduling conference pursuant to Fed. R. Civ. P. 26(f) and to prepare and submit a proposed Scheduling Order on or before January 23, 2008.

Defendant filed a Motion to Vacate Scheduling/Planning Conference and Stay Discovery [Docket No. 10; filed February 6, 2008] in which it notified the Court that Plaintiff refused to confer with defense counsel in order to prepare a proposed Scheduling Order. By Minute Order dated February 7, 2008, I denied Defendant's motion to vacate the Scheduling Conference and further ordered Plaintiff to confer with Defendant to draft the

1

Scheduling Order [Docket No. 12]. In addition, I warned Plaintiff that her failure to confer would result in the imposition of sanctions.

On February 12, 2008, Defendant submitted a proposed Scheduling Order in this case [Docket No. 13]. Although signed by defense counsel, the pleading was not signed by Plaintiff.

Initially, it should be noted that Plaintiff is not a stranger to federal court litigation, having filed no fewer than five (5) cases in this court in the past eleven years.[1] Indeed, on October 31, 2007, this Court held a Scheduling Conference, which was personally attended by Plaintiff, in a substantially similar case previously filed by her [Civil Action No. 07-cv-01793]. As in the case at bar, defense counsel in that case is Assistant United States Attorney Marc A. Bonora. During that Scheduling Conference, the issue of Plaintiff's reluctance or refusal to confer with Mr. Bonora was addressed by the Court. The Court explained to Plaintiff that she was obligated to confer with defense counsel about the Scheduling Order and any motions she intended to file in her case, as required by both the Federal Rules of Civil Procedure and the Court's Local Rules. The Court went so far as to explain to Plaintiff why defense counsel's telephone number does not appear on her caller identification system when he calls her at the telephone number which she provided to the clerk's office, which apparently is at her home. Plaintiff was amply informed during that Scheduling Conference about her obligations as a *pro se* litigant in

---

[1] *Ramsey v. State Engineer,* (87-cv-01392; filed September 17, 1987); *Ramsey v. Cooper, et al*, (90-cv-01061; filed June 14, 1990); *Ramsey v. Principi*, (04-cv-02140; filed October 15, 2004); *Ramsey v. Gordon H. Mansfield*, (07-cv-01793; filed August 24, 2007); *Ramsey v. Mansfield*, (07-cv-02612; filed December 17, 2007).

this court.  Thus, her failure to confer with defense counsel in the case at bar prior to issuance of the Court's February 7, 2008 Minute Order was in deliberate disregard of the Court's previous explanations and instructions.

At the Scheduling Conference held in this matter on February 13, 2008, Plaintiff admitted that she provided no input into the proposed Scheduling Order eventually tendered to the Court by Defendant, and tacitly admitted that she also had not participated in a pre-scheduling conference with defense counsel.  Regarding Defendant's efforts to confer with Plaintiff about drafting the Scheduling Order, Mr. Bonora stated that he called Plaintiff on the telephone in an attempt to confer with her about the Scheduling Order.  Plaintiff told Mr. Bonora that she would not speak to him.  Mr. Bonora then attempted to inform Plaintiff that he was calling her to confer about preparation of the Scheduling Order in this case.  Plaintiff referred to a letter she had received from defense counsel's office instructing her to communicate with that office in writing only, as a result of her abusive telephone conduct.  Plaintiff stated that defense counsel could communicate with her in writing as well.  Plaintiff then hung up the telephone.  Mr. Bonora called Plaintiff back to ensure that the previous disconnection was not a mistake and to provide her with another opportunity to confer.  In response, Plaintiff asked to speak to the United States Attorney for the District of Colorado, informed Mr. Bonora that she would be filing a complaint against him, and again hung up the telephone.  Because Mr. Bonora is an attorney and an officer of the Court, I am entitled to rely on the veracity of his statements in issuing my recommendation.  *Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir. 1996).

Defendant made an oral motion to dismiss the case, pursuant to Fed. R. Civ. P.

3

41(b), which provides that a defendant may move for dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . ."

I find that Plaintiff has failed to comply with the Local Rules of Practice for the United States District Court for the District of Colorado as well as the Federal Rules of Civil Procedure. Pursuant to D.C.Colo.LCivR. 16.1, "<u>Plaintiff</u> shall prepare the proposed scheduling order, unless counsel or the *pro se* parties have agreed otherwise." (emphasis added). Plaintiff has utterly failed to meet this obligation. Second, pursuant to D.C.Colo.LCivR 26.1(A), Plaintiff is required to satisfy Fed. R. Civ. P. 26(f), which mandates that she is "jointly responsible for arranging [a pre-scheduling conference], for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Although Plaintiff provided the Court with many excuses regarding her failure to participate in the pre-scheduling conference, she freely admitted that she failed to participate in drafting a proposed Scheduling Order. Further, the majority of Plaintiff's excuses related to alleged shortcomings of defense counsel, alleged malfeasance by defense counsel, alleged mistreatment by Defendant, and/or the lengthy history and nature of her numerous disputes with the United States government, the Denver Police Department, and various other entities and individuals. None of Plaintiff's tendered excuses serve to release her from her obligations to follow the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Colorado and Court orders in pursuing her litigation. Finally, Plaintiff failed to comply with Fed. R. Civ. P. 26(a)(1) by failing to complete and serve her mandatory disclosures by February 6, 2008.

Plaintiff was warned that her failure to follow the Court's orders and participate in the prosecution of her case would result in sanctions. There is no evidence that Plaintiff did not receive this warning, no mail addressed to Plaintiff was returned to the Court as undeliverable, and Plaintiff herself referenced this warning at the February 13, 2008 hearing. Nevertheless, Plaintiff willfully and repeatedly failed to meet the obligations imposed upon her as a litigant and user of Court resources. As such, I find that Plaintiff's failure to participate in the pre-scheduling conference and failure to participate in drafting a proposed Scheduling Order were willful and inexcusable failures to comply with applicable rules and the Court's orders.

Accordingly, I respectfully **RECOMMEND** that this Case be **DISMISSED** without prejudice for failure to follow Court rules and Court orders and for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b) and D.C.Colo.L.Civ.R. 41.1.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated:   February 14, 2008