IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02612-WYD-KLM

MELODY RAMSEY,

    Plaintiff,

v.

GORDON H. MANSFIELD, Acting Secretary of Veteran's Affairs; and
JOHN AND JANE DOES 1-25,

    Defendant.
_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Rereconsideration** [sic] **of Magistrate Mix** [sic] **Refusal to Recuse Herself** [Docket No. 21; filed February 29, 2008] ("Motion for Reconsideration"). The Court must construe the Motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motion, Defendant's Response [Docket No. 24; filed March 5, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED**, as set forth below.

    Plaintiff requests that "the court reconsider Magistrate Mix's refusal to recuse herself." *Motion for Reconsideration* [#21], p. 2. Plaintiff filed her second Motion to

1

Recuse on February 13, 2008 [Docket No. 15].[1]  I denied Plaintiff's second Motion to Recuse by Minute Order dated February 14, 2008 [Docket No. 18].  A party subject to an adverse judgment who seeks reconsideration of that judgment,  may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  If a motion is filed within ten days of the judgment, the motion usually falls under Rule 59(e).  *Id*.   Plaintiff filed her motion to reconsider on February 28, 2008, within ten days of the Court's Minute Order denying her second Motion to Recuse [Docket No. 18].  *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays).  Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243.

It is well established in the Tenth Circuit that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

---

[1]Plaintiff made an oral Motion to Recuse at a hearing held on February 13, 2008, which I denied.  *See Minute Order* [Docket No. 14; filed February 13, 2008].  At the time of the hearing, the basis for Plaintiff's oral Motion to Recuse was, in part, her incorrect assumption that I had recognized my inherent bias and unilaterally decided to recuse myself in another of Plaintiff's cases which had been reassigned to a different Magistrate Judge after being initially assigned to me (Civil Action No. 07-cv-01793; *Ramsey v. Gordon H. Mansfield*).  I informed Plaintiff at the hearing that the Clerk of Court had randomly reassigned Civil Action No. 07-cv-01793 to Magistrate Judge Kathleen M. Tafoya upon her appointment to the Court in January of 2008.

2

Therefore, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Moreover, a motion to reconsider is not to be used as a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Finally, a motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp.*, 57 F.3d at 944.

In Plaintiff's second Motion to Recuse, she alleged "a pattern and practice of judicial impropriety, and bias against Plaintiff . . . ." *Id.* In my Minute Order [#18] denying the motion I found that "[p]ursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself 'in any proceeding in which [her] impartiality might <u>reasonably</u> be questioned.'" (emphasis in original). I stated that I had examined the case at bar and found that there was no reason why my impartiality might reasonably be questioned.

Plaintiff now argues for reconsideration in her second Motion to Recuse, stating that "Magistrate Mix has exhibited bias in repeatedly threatening sanctions against Plaintiff for her admonishments and threats of sanctions without articulating the sanction, unsupported by any real evidence that it is Plaintiff rather than Defendant and his US Attorneys, specifically but not limited to Troy Eid who have interfered with the Magistrate [sic] order to 'confer'." *Motion for Reconsideration* [#21], p. 1. I construe Plaintiff's argument as an assertion that reconsideration is necessary in order "to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. However, in order to show "clear error or manifest injustice, the [movant] must base [her] motion on arguments that were previously raised but were overlooked by the Court - '[p]arties are not free to

3

relitigate issues that the Court has already decided.'" *Klein-Becker USA, LLC v. All Web LLC*, 2007 WL 2084337, *1 (D. Utah 2007) (quoting *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D.Pa. 2003)).

Plaintiff's argument regarding recusal appears to relate solely to my issuance of rulings contrary to Plaintiff's interests. Not only does this argument fail to provide adequate factual allegations or legal basis to support recusal, this is the third time Plaintiff has made this claim. I have again examined the case at bar and again find that there is no reason why my impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a); *Liteky v. United States*, 510 U.S. 540 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion [to recuse]"). It is clear that Plaintiff has not based her motion for reconsideration "on arguments that were previously raised but were overlooked by the Court" and therefore, she is "not free to relitigate issues that the Court has already decided.'" *Klein-Becker USA, LLC*, 2007 WL 2084337 at *1. There is no legitimate ground for my recusal and no reason to alter my previous two denials of Plaintiff's motions to recuse.

Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's Motion for Reconsideration [Docket No. 21; filed February 29, 2008] is **DENIED**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:    March 27, 2008