IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02612-WYD-KLM

MELODY RAMSEY,

    Plaintiff,

v.

GORDON H. MANSFIELD, Acting Secretary of Veteran's Affairs; and
JOHN AND JANE DOES 1-25,

    Defendant.
_____

**RENEWED RECOMMENDATION TO DISMISS AND ORDER ON MOTION FOR RECONSIDERATION**
_____

**RECOMMENDATION AND ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Reconsideration of Magistrate Mix** [sic] **Motion to Dismiss** [Docket No. 19; filed February 28, 2008] ("Motion for Reconsideration"). The Court must construe the motions liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Motion for Reconsideration, Defendant's Responses [Docket No. 23; filed March 4, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **DENIED**, as set forth below.

1

In addition, I again **RECOMMEND** that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE**, as set forth below.

Plaintiff states that she seeks "reconsideration of the oral, one sentence Motion to Dismiss . . . ." *First Motion for Reconsideration* [#19], p. 1. Plaintiff alludes to the proceedings held before this Court on February 13, 2008, in which Defendant made an Oral Motion to Dismiss, and the Court stated that it would issue a written Recommendation that the case be dismissed pursuant to Fed. R. Civ. P. 41 [Docket No. 14]. The Court issued its Recommendation on February 14, 2007 [Docket No. 17]. Accordingly, I will interpret Plaintiff's Motion for Reconsideration as related to my written Recommendation that the case be dismissed.

A party subject to an adverse judgment who seeks reconsideration of that judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). If a motion is filed within ten days of the judgment, the motion usually falls under Rule 59(e). *Id.* Plaintiff filed her motion to reconsider on February 28, 2008, within ten days of the Court's February 14, 2008 Recommendation dismissing Plaintiff's case without prejudice [Docket No. 17]. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

It is well established in the Tenth Circuit that grounds for a motion to reconsider

pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Therefore, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Moreover, a motion to reconsider is not to be used as a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver*, 952 F.2d at 1243). Finally, a motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp.*, 57 F.3d at 944.

Plaintiff argues that in making its decision, the Court "acted on [its] impression . . . without any real evidence, that Plaintiff is the party at fault in the U.S. Attorney's abusive refusal to "confer" on motions." *Motion for Reconsideration* [#19], p. 1. Plaintiff's additional grounds for requesting reconsideration of the dismissal of her case appear to be as follows: "Dismissal is too harsh for this case because the U.S. Attorney and the U.S. Government through the Defendant and all the way up to the President . . . are painstakingly well informed of the details and have always had the option of examining each and every piece of evidence that Plaintiff has offered them. . . . [T]he Defendant holds all the records . . . ." *Motion for Reconsideration* [#19]*,* p. 2. I construe Plaintiff's argument as an assertion that reconsideration is necessary in order "to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. However, in order to show "clear error or manifest injustice, the [movant] must

3

base its motion on arguments that were previously raised but were overlooked by the Court - '[p]arties are not free to relitigate issues that the Court has already decided.'" *Klein-Becker USA, LLC v. All Web LLC*, 2007 WL 2084337, *1 (D. Utah 2007) (quoting *United States v. Jasin*, 292 F.Supp.2d 670, 676 (E.D.Pa. 2003)).

In my February 14, 2008 Recommendation, I found the following:

> At the Scheduling Conference held in this matter on February 13, 2008, Plaintiff admitted that she provided no input into the proposed Scheduling Order eventually tendered to the Court by Defendant, and tacitly admitted that she also had not participated in a pre-scheduling conference with defense counsel. Regarding Defendant's efforts to confer with Plaintiff about drafting the Scheduling Order, Mr. Bonora stated that he called Plaintiff on the telephone in an attempt to confer with her about the Scheduling Order. Plaintiff told Mr. Bonora that she would not speak to him. Mr. Bonora then attempted to inform Plaintiff that he was calling her to confer about preparation of the Scheduling Order in this case. Plaintiff referred to a letter she had received from defense counsel's office instructing her to communicate with that office in writing only, as a result of her abusive telephone conduct. Plaintiff stated that defense counsel could communicate with her in writing as well. Plaintiff then hung up the telephone. Mr. Bonora called Plaintiff back to ensure that the previous disconnection was not a mistake and to provide her with another opportunity to confer. In response, Plaintiff asked to speak to the United States Attorney for the District of Colorado, informed Mr. Bonora that she would be filing a complaint against him, and again hung up the telephone. Because Mr. Bonora is an attorney and an officer of the Court, I am entitled to rely on the veracity of his statements in issuing my recommendation. *Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir. 1996).

[Docket No. 17] at p. 3.

The Response filed by Defendant reiterates the sequence of events as laid out above. *Response* [#2], at 2. In the Response, Defendant's counsel Mr. Bonora states that after Plaintiff refused to confer with him by telephone, he mailed Plaintiff a copy of the proposed Scheduling Order that he had drafted so that Plaintiff would have the

4

opportunity to provide written input. *Id.* Even after Defendant's correspondence was mailed to Plaintiff, as she requested, Plaintiff still failed to provide any input into the Scheduling Order that was submitted to the Court. Finally, Defendant states that, as of the date of the Response, it had not received Plaintiff's mandatory Rule 26(a)(1) disclosures. *Id.*

Plaintiff now argues that it is Defendant who has "abusive[ly] refus[ed] to 'confer' on motions." *Motion for Reconsideration* [#19] at p. 1. Plaintiff's argument is almost entirely without support. Other than her statement that Defendant's staff has been "hanging up on [Plaintiff] over and over and over," Plaintiff does not refute the sequence of events as set out in my February 14, 2008 Recommendation and supported by Defendant's arguments at the February 13, 2008 hearing and Defendant's Response. Based on the findings as stated above, I again find that Plaintiff has failed to comply with the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure. *See Recommendation* [# 17] at p. 4 (citing failure to comply with D.C.Colo.LCivR. 16.1; D.C.Colo.LCivR. 26.1(A);and Fed. R. Civ. P. 26(f)). I also again observe that "the majority of Plaintiff's excuses relate[] to the alleged shortcomings of defense counsel, alleged malfeasance by defense counsel, [and] alleged mistreatment by Defendant," and that none of these excuses "serve to release [Plaintiff] from her obligations to follow the Federal Rules of Civil Procedures, the Local Rules of the United States District Court for the District of Colorado and Court Orders in pursuing her litigation." *Recommendation* [#17], at p. 4. Finally, it is clear that Plaintiff has not based her

motion for reconsideration "on arguments that were previously raised but were overlooked by the Court " and therefore, she is "not free to relitigate issues that the Court has already decided.'" *Klein-Becker USA, LLC*, 2007 WL 2084337 at *1. On these grounds, I deny Plaintiff's Motion to Reconsider my February 14, 2008 Recommendation.

However, one issue remains for the Court. Defendant is correct that there are five factors commonly examined by the courts prior to recommending dismissal of a case. *Response* [# 23], p. 3. As my first Recommendation inadvertently excluded an explicit evaluation of these factors, I will consider them here. In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit set out the factors to be considered when evaluating grounds for dismissal of an action. These factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubbers Co. v. Bando Chemicals, et al*, 167 F.R.D. 90, 101 (D.Colo. 1996).

### A. Actual Prejudice to Defendant

I find that Plaintiff's refusal to participate in a Scheduling Conference and refusal to provide input into a Scheduling Order resulted in actual prejudice to Defendant. First, this Court's Local Rules require <u>Plaintiff</u> to prepare the Scheduling Order, which she did not do. *See* D.C.Colo.LCivR. 16.1. Second, not only was Defendant's counsel

forced to prepare the Scheduling Order without input from Plaintiff, Defendant was prejudiced by Plaintiff's failure to participate in preliminary settlement discussions and failure to disclose witnesses and documents pursuant to Fed. R. Civ. P. 26(a)(1). This factor weighs in favor of dismissal.

### B. Interference with the Judicial Process

Plaintiff's persistent failure to follow the Court's orders with respect to her obligation to confer with Defendant and to participate in creation of the Scheduling Order, and the Court's continual review of her file and issuance of orders regarding her obligations as a litigant increases the workload of the Court and interferes with the administration of justice. *See, e.g., West v. Denver County Jail Warden*, 2008 WL 732600, *4 (D.Colo. 2008). This factor also weighs in favor of dismissal.

### C. Culpability of the Litigant

As I noted in my February 14, 2008 Recommendation, Plaintiff is no stranger to federal litigation, having filed no fewer than five (5) cases in federal court of which this Court is aware. *See Recommendation* [#17] at p. 2, footnote 2. In my Order setting the Scheduling Conference, I directed the parties to confer to prepare a proposed Scheduling Order [Docket No. 3; filed January 3, 2008]. Moreover, by Minute Order dated February 7, 2008, I explicitly directed Plaintiff to confer with Defendant and to participate in creation of a Scheduling Order [Docket No. 12]. Plaintiff has been given several chances by this Court and has failed completely in her obligations as a litigant. As such, there is no other conclusion but that Plaintiff is fully culpable for her failure to follow court orders and her failure to participate in creation of a proposed Scheduling

Order. Plaintiff could and should have complied with the unambiguous and lawful orders of this Court. *See West*, 2008 WL 732600 at *4. This factor weighs heavily in favor of dismissal.

### D.  Advance Warning

In the same February 7, 2008 Minute Order in which I expressly directed Plaintiff to cooperate with Defendant in creation of the Scheduling Order, I also stated, "Plaintiff is specifically warned that her failure to confer will result in the imposition of sanctions." There is no evidence that Plaintiff did not receive this warning, no mail addressed to Plaintiff was returned to the Court, and Plaintiff herself has referenced this warning, both at the February 13, 2008 hearing and also in a second Motion for Reconsideration. *See Recommendation* [#17], p. 5; *Second Motion for Reconsideration* [#19], p. 1. I find that Plaintiff had adequate warning, based on her prior history as a litigant and based on the warnings provided by the Court, that her refusal to follow Court Orders would result in sanctions.

### E.  Efficacy of Lesser Sanctions

The totality of circumstances present in this case indicate that a lesser sanction than dismissal without prejudice will not be efficacious. The Court has repeatedly directed Plaintiff to confer with Defendants, in this case and in others. Plaintiff has repeatedly refused to follow Court Orders. Dismissal of Plaintiff's case without prejudice should act as a reminder in the future to Plaintiff of her obligations under the Local and Federal Rules. I find that this factor weighs heavily in favor of dismissal.

Therefore, after consideration of the *Ehrenhaus* factors, I conclude that on

balance they weigh heavily in favor of dismissal without prejudice as a sanction for Plaintiff's continuing and unexplained non-compliance with the Court's straightforward orders concerning her duties as a litigant.

Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's Motion for Reconsideration [Docket No. 19; filed February 28, 2008] is **DENIED**.

I again **RECOMMEND** that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE**, based on my above evaluation of the *Ehrenhaus* factors.

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: March 27, 2008