IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02612-WYD-KLM

MELODY RAMSEY,

    Plaintiff,

v.

GORDON H. MANSFIELD, Acting Secretary of Veteran's Affairs; and
JOHN AND JANE DOES 1-25,

    Defendants.

## ORDER OF DISMISSAL

This matter is before the Court on several Recommendations and Orders of Magistrate Judge Mix. By way of background, this case involves a pro se Title VII complaint. The case was referred to Magistrate Judge Mix to handle certain matters by Order of Reference dated December 18, 2007.

After a Scheduling Conference held on February 13, 2008, a Recommendation of United States Magistrate Judge was issued on February 14, 2008. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Mix recommends therein that the case be dismissed without prejudice for failure to follow Court rules and Court orders and for failure to prosecute pursuant to FED. R. CIV. P. 41(b) and D.C.COLO.L.Civ.R. 41.1. Recommendation at 5. The Recommendation also advised that pursuant to 28 U.S.C. § 636(b)(1)(c) and FED. R. CIV. P. 72(b), the parties had ten

(10) days after service of the recommendation to serve and file specific, written objections. *Id.* Further, it advised that a party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge. *Id.*

Plaintiff did not file objections to this Recommendation. Instead, on February 28, 2008, she filed a motion to reconsider the "oral, one sentence Motion to Dismiss solicited by the magistrate from the U.S. Attorney." Pl.'s Mot. for Reconsideration of Magistrate Mix Mot. to Dismiss at 1. This motion was referred to Magistrate Judge Mix by memorandum dated February 28, 2008.

Also, Magistrate Judge Mix issued a Minute Order on February 14, 2008, denying Plaintiff's "Motion to Recuse Magistrate Mix." Magistrate Judge Mix stated in the Minute Order that having examined the instant case, she found no reason why her impartiality might reasonably be questioned. Plaintiff also did not file an appeal of or objections to that Minute Order. Instead, on February 28, 2008, she filed a "Motion for Rereconsideration of Magistrate Mix Refusal to Recuse Herself." This motion was referred to Magistrate Judge Mix by memorandum dated February 29, 2008.

By Order of March 27, 2008, Magistrate Judge Mix denied "Plaintiff's Motion for Rereconsideration of Magistrate Mix Refusal to Recuse Herself." She concluded:

> Plaintiff's argument regarding recusal appears to relate solely to my issuance of rulings contrary to Plaintiff's interests. Not only does this argument fail to provide adequate factual allegations or legal basis to support recusal, this is the third time Plaintiff has made this claim. I have again examined the case at bar and again find that there is no reason why my impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a); *Liteky v. United States*, 510 U.S. 540 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion [to recuse]"). It is clear that Plaintiff has not based her motion for reconsideration "on arguments that were previously raised but were overlooked by the Court"

and therefore, she is "not free to relitigate issues that the Court has already decided.'" *Klein-Becker USA, LLC*, 2007 WL 2084337 at *1. There is no legitimate ground for my recusal and no reason to alter my previous two denials of Plaintiff's motions to recuse.

Order at 4.

On March 28, 2008, Magistrate Judge Mix issued a "Renewed Recommendation to Dismiss and Order on Motion for Reconsideration." She again recommends that Plaintiff's case be dismissed without prejudice. She does so after examining the five factors commonly examined by the courts prior to recommending dismissal of a case. Recommendation at 6-9.

As to Plaintiff's Motion for Reconsideration, she found that Plaintiff's argument that it was Defendant who abusively refused to confer on motions was almost entirely without support. Magistrate Mix further noted that other than one contention, "Plaintiff does not refute the sequence of events as set out in my February 14, 2008 Recommendation and supported by Defendant's arguments at the February 13, 2008 hearing and Defendant's Response." *Id.* at 5. She further found:

> Based on the findings as stated above, I again find that Plaintiff has failed to comply with the Local Rules of Practice for the United States District Court for the District of Colorado and the Federal Rules of Civil Procedure. *See Recommendation* [# 17] at p. 4 (citing failure to comply with D.C.Colo.LCivR. 16.1; D.C.Colo.LCivR. 26.1(A);and Fed. R. Civ. P. 26(f)). I also again observe that "the majority of Plaintiff's excuses relate[] to the alleged shortcomings of defense counsel, alleged malfeasance by defense counsel, [and] alleged mistreatment by Defendant," and that none of these excuses "serve to release [Plaintiff] from her obligations to follow the Federal Rules of Civil Procedures, the Local Rules of the United States District Court for the District of Colorado and Court Orders in pursuing her litigation." *Recommendation* [#17], at p. 4. Finally, it is clear that Plaintiff has not based her motion for reconsideration "on arguments that were previously raised but were overlooked by the Court " and therefore, she is "not free to relitigate issues that the Court has already decided.'" *Klein-*

> *Becker USA, LLC*, 2007 WL 2084337 at *1. On these grounds, I deny
> Plaintiff's Motion to Reconsider my February 14, 2008 Recommendation.

Recommendation at 5-6.

On April 11, 2008, Plaintiff filed a timely Objection to Magistrate Judge Mix's denial of her motion to recuse herself. It is unclear whether she intends this Objection to address both the Minute Order of February 14, 2008, which denied Plaintiff's initial motion for recusal and the Order of March 27, 2008, which denied "Plaintiff's Motion for Rereconsideration of Magistrate Mix Refusal to Recuse Herself." Defendant filed a response to this Objection on April 24, 2008.

To the extent Plaintiff's Objection seeks to address the Order of February 14, 2008, it is untimely. Nevertheless, based on the Objection, I will construe both of Magistrate Judge Mix's Orders on the issue of recusal to determine whether they are "clearly erroneous or contrary to law" since the nature of the matter is nondispositive. FED. R. CIV. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

In the case at hand, I find that Plaintiff has failed to show that these orders are clearly erroneous or contrary to law. While Plaintiff accuses Magistrate Judge Mix and the Defendants of lying and acting improperly, there is no evidence to support this and I find that these allegations are not credible. I further find no evidence to support Plaintiff's claims of prejudice or bias by Magistrate Judge Mix. Indeed, Plaintiff has not alleged any facts in support of her motion which support such a finding. She merely appears to be dissatisfied with Magistrate Judge Mix's rulings in this case, the process

in general in connection with Plaintiff's claims, and/or with actions of other judges or the U.S. Attorney's Office. These do not provide grounds for recusal. Accordingly, Plaintiff's Objection to the Orders of Magistrate Judge Mix are overruled, and the Orders of February 14, 2008, and March 27, 2008, related to the issue of recusal are affirmed.

I now turn to the Recommendations regarding dismissal of the case. As noted earlier, Plaintiff did not file an objection to the initial Recommendation of February 14, 2008. Instead, she filed a motion to reconsider. Plaintiff did, however, file an objection to Magistrate Judge Mix's denial of her motion for reconsideration. Nevertheless, based on the Objection, I will construe both of the Recommendations regarding dismissal on a de novo basis as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). A response to the Objection was filed by Defendant on April 24, 2008.

While Plaintiff objects to dismissal of her case, I find that Magistrate Judge Mix's Recommendations (particularly the second Recommendation which analyzed the appropriate factors for dismissal) are well-reasoned and support dismissal of this case without prejudice for Plaintiff's failure to follow this Court's Local Rules and the Federal Rules of Civil Procedure. Even if I were to credit Plaintiff's allegations that Defendants' conduct prevented her from being able to confer on the Scheduling Order (allegations which I do not find credible), Plaintiff failed to make the mandatory disclosures required under FED. R. CIV. P. 26(a)(1) and failed to participate in preparation of a proposed Scheduling Order as required by the Rules. If counsel for Defendant would not confer

with her as she claims, she could have mailed a proposed Scheduling Order to counsel or brought a proposed Scheduling Order to Court. She did not do so. Further, I agree with Magistrate Judge Mix that Defendant has been prejudiced by Plaintiff's non-disclosure of witnesses and documents pursuant to Rule 26(a)(1) and her refusal to participate in a meaningful way as to scheduling issues in this case.

Accordingly, for the reasons stated above, it is

ORDERED that "Plaintiff's Objection to Mix Refusal to Recuse Herself" (filed April 11, 2008) is **OVERRULED**, and the Minute Order of February 14, 2008 and the Order of March 27, 2008 regarding recusal are **AFFIRMED**. It is

FURTHER ORDERED that the Recommendations of United States Magistrate Judge filed February 14, 2008, and March 28, 2008, are **AFFIRMED AND ADOPTED**. "Plaintiff's Objection to the Mix Denial of Reconsideration of Dismissal" (filed April 11, 2008) is **OVERRULED**. It is

FURTHER ORDERED that in accordance with the Recommendations, this case is **DISMISSED WITHOUT PREJUDICE**.

Dated: May 14, 2008

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge